# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Chris Doop,

     Petitioner

v.

Steven B. Wolfson, et. al.,

     Respondents

Case No.:  2:22-cv-00440-JAD-DJA

**Order Dismissing Habeas Petition without Prejudice and Closing Case**

[ECF Nos. 5, 5-2]

Pro se petitioner Chris Doop filed this amended[1] petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking federal review related to his ongoing state criminal case and pretrial detention.[2]  Doop applies to proceed *in forma pauperis*,[3] and with good cause appearing I grant his application.  But on initial review under the Habeas Rules,[4] I find that Doop's claims are unexhausted and that federal abstention is required, so I dismiss his petition without prejudice.

## Background[5]

On December 8, 2020, the Clark County District Attorney filed an Information in the Eighth Judicial District Court charging Doop with robbery with the use of a deadly weapon.  His case, *State of Nevada v. Christopher Doop*, Case No. C-20-352580-1, remains pending before

---

[1] Doop was previously directed to file an amended petition on this Court's form.  ECF No. 4.

[2] ECF No. 5-2.

[3] ECF No. 5.

[4] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[5] The procedural history in this section is derived from Doop's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court").  I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

1  the state district court.  The state district court has entered two orders of commitment under Nev.

2  Rev. Stat. § 178.425 and held several competency proceedings.

3        In his petition for federal habeas relief, it appears that Doop alleges that (1) there was

4  "false probable cause" to arrest him because the prosecutor "fabricated [his] case with nothing

5  but perjury," (2) the robbery charge is "illegal" because "you can't have N.R.S. 200.380 on a

6  commercial business," (3) he has been denied due process because there was no evidence that he

7  possessed a knife or the stolen merchandize from Autozone, (4) he is being false imprisoned, (5)

8  the state district court denied his request for self-representation, and (6) he has not been given his

9  discovery.

**Discussion**

11       Habeas Rule 4 requires federal district courts to examine a habeas petition and order a

12 response unless it "plainly appears" that the petitioner is not entitled to relief.  This rule allows

13 courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

14 incredible, false,[6] or plagued by procedural defects.[7]  Because a federal habeas petitioner

15 incarcerated by a state must give state courts a fair opportunity to act on each of his claims

16 before he presents them in a federal habeas petition, federal courts will not consider his petition

17 for habeas relief until he has properly exhausted his available state remedies for all claims

18 raised.[8]

19       A claim remains unexhausted until the petitioner has given the highest available state

20 court the opportunity to consider the claim through direct appeal or state collateral-review

---

[6] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[7] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[8] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

proceedings.[9]   To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[10]   The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[11]   A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[12]

It does not appear that Doop has not sought relief from any Nevada state court, much less appealed to the highest state court, as the exhaustion requirement mandates.  This alone bars this court's consideration of his federal habeas petition.  But even if I assume that Doop has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[13]   The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[14]   The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal

---

[9] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[10] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[11] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[12] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[13] *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

[14] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

3

1  proceeding."[15]  Injuries are only irreparable if the threat to a petitioner's federally protected

2  rights cannot be eliminated through his defense of the criminal case.[16]

3        This case does not present extraordinary circumstances.  Doop challenges the

4  prosecution's actions, the charges filed against him, and his pretrial detention.  Defendants in

5  state criminal proceedings routinely allege that state criminal proceedings violate their

6  constitutional rights, including fundamental rights, which makes this a regular occurrence, not an

7  extraordinary circumstance.  Doop's situation is no different in substance from that of any

8  criminal defendant facing the potential loss of constitutional rights—including the most

9  fundamental right, to liberty—in a pending criminal prosecution.  In addition, Doop's pretrial

10 motion practice or defenses at trial may ameliorate any threat to his federally protected rights.

11 He thus faces no extraordinary or irreparable injuries, so federal abstention is required.  Because

12 the charges against Doop are still pending, dismissal of this action without prejudice will not

13 materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result

14 in substantial prejudice.

15                                        **Conclusion**

16        IT IS THEREFORE ORDERED that petitioner Doop's application to proceed *in forma*

17 *pauperis* **[ECF No. 5] is GRANTED**.

18        IT IS FURTHER ORDERED that Doop's amended petition for writ of habeas corpus

19 **[ECF No. 5-2] is DISMISSED without prejudice**.

20        IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

21

22 [15] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v.
   Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief
23 that would interfere with pending state judicial proceedings).

   [16] *Younger*, 401 U.S. at 46.

4

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the amended petition [ECF No. 5-2] and this order.  No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
April 20, 2022